## Mary G. Arrowsmith v. Jesse Barker.

### Gen. No. 4,828.

VERDICT—*when not disturbed as against the evidence.* A verdict which is not manifestly against the weight of the evidence will not be disturbed on review.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

J. A. CAMERON, A. JACOBSON and G. A. STULTZ, for appellant.

JOSEPH A. WEIL, for appellee; H. S. MILLER, of counsel.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On the afternoon of April 23, 1905, Mary G. Arrowsmith was riding with her husband, who was driving a small horse attached to a runabout, south on North Adams street, in the village of Peoria Heights. Upon reaching a point near where a viaduct crosses the tracks of the Rock Island & Peoria Railway Company they noticed appellee, Jesse Barker, with several other parties approaching from the south in an automobile. The roadway at this point is about thirty-six feet wide from the east rail of the tracks of the Central Railway Company, which are laid along it, to the center of the ditch on the east side of the roadway. At the time appellant and her husband first noticed the automobile, they were about fifty feet north of the viaduct on the right side of the roadway, and the automobile was coming down an incline south of the railroad track which crosses the highway. When it was about 300 feet from them, their horse became frightened, proceeding about fifty feet along the side

of the road toward the viaduct. At this point the automobile passed them, the horse became unmanageable and the buggy was overturned with appellant under it; in which position she was dragged about fifty feet and injured. For such injuries she brought suit in the Circuit Court of Peoria county against appellee to recover damages, charging him with negligence in driving and operating the automobile, and with driving and operating the automobile in violation of the statute regulating the speed and management of automobiles upon public roads. Appellee pleaded not guilty. There was a trial and a verdict for appellant for $200, a motion for a new trial was overruled, judgment was entered on the verdict and this appeal was taken.

The jury found all the issues for appellant, and her only complaint is that the damages assessed do not afford adequate compensation for the injuries sustained, and her counsel argues that the amount of the verdict might have been influenced by appellee's third and fifth instructions.

Appellee's third instruction in effect told the jury that it was not unlawful for a person to use and operate an automobile upon a public highway, if it was properly constructed and propelled in a lawful manner, consistent with the use of highways, and with reasonable safety to travelers by other ordinary modes. This, we think, states an accurate principle of law, and meets the requirements of the statute relative to the operation of automobiles upon the public roads. By their verdict, the jury indicated that appellee failed in some way to conform to the requirements of the rule announced in this instruction.

Appellee's fifth instruction told the jury that if they believed from the evidence that appellant knew or had reason to believe that the horse driven by her husband was about to become frightened, and that there was danger of its running away, and that appellant had time to get out of the vehicle in which she was riding and thus be out of danger, and instead of doing so she

concluded to risk the danger and stay in the vehicle, and by remaining in the vehicle she became injured, by reason of not using such care for her own safety as an ordinarily prudent person would use under similar circumstances, then they should find appellee not guilty. There was evidence to the effect that appellant saw the automobile approaching some distance away, and that the horse had shown that it was greatly frightened at its approach, yet the jury found that appellant was not negligent in remaining in the vehicle.

We are unable to agree with counsel for appellant that the instructions so complained of, did in any degree, influence the jury in the amount of their damages.

Appellant testified that as a result of the accident of April 23, 1905, she suffered from curvature of the spine and a floating kidney and was a nervous wreck, but admitted that she did not call a physician until May 17th. To support her contention she produced four physicians, of whom Dr. Finnell testified that he could not, from appearances, tell how long the curvature had existed; Dr. Marcy testified that the injury was permanent and that he could tell it was a recent injury by the sensitiveness of the kidney and the spinal column; Dr. Bradley testified that it was his judgment that the condition of the spine was the same when she fell, that it had been three or four years in forming; that that kind of a curvature could not be produced by that kind of an accident; that as to the floating kidney being there when she fell, he could not say; but that it did seem to him that if a person had received a spinal curvature and a floating kidney by a shock by falling violently, such person would need a doctor and need him quick. Dr. Cooley testified that there was nothing from the examination that enabled him to determine what caused the condition of the kidney, and that he could not give the cause of the curvature.

Appellee offered no evidence in rebuttal of the testi-

mony of appellant's physicians, but produced Paul Bentz, who testified that he met appellant with her husband at the entrance to a theater down town on the evening of the accident and that he, later, saw them inside. Appellant admitted being down town at six o'clock that evening and that she met Bentz, but denied that she was inside the theater.

It was the province of the jury to determine the conflict in the evidence, which they did, and their verdict bears the approval of a learned and experienced trial judge, who from his means of observation, was well qualified to judge as to its fairness.

We cannot say from the evidence, that the judgment should be reversed because it affords inadequate compensation for appellant's injuries. Therefore it is affirmed.

*Affirmed.*